IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROMA D. LEWIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CR-0683-L |
| | § | |
| CITY OF GARLAND, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion to Stay and Brief in Support thereof, filed September 2, 2005. Having considered the motion, response, reply, the appendices, the record and the applicable law, the court **denies** Defendant's Motion to Stay.

I.   **Factual and Procedural Background**

This lawsuit arises out of the employment and subsequent termination of Plaintiff Roma D. Lewis ("Plaintiff" or "Lewis") by Defendant City of Garland ("Defendant" or "City"). Plaintiff began working for the City in 1983 and in April 1991 became the Executive Director of the City of Garland Housing Authority. The City terminated her on January 26, 2005. Plaintiff filed this case on April 7, 2005, alleging that the City discriminated against her based on gender and retaliated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Specifically, Plaintiff alleges that the City discriminated against her based on her gender and retaliated against her by: (i) failing to promote her, following a departmental reorganization, to a permanent Managing Director position, and instead awarding her an "interim" director position with a lower pay grade and less compensation than similarly situated male employees who were awarded

permanent director positions; and (ii) disciplining her for credit card charges while not disciplining similarly situated male employees for similar credit card charges. The City denies any unlawful discrimination and contends that it disciplined and ultimately terminated Plaintiff for insubordination, a legitimate, nondiscriminatory reason, when she repeatedly failed to respond to the City's inquiries regarding certain of her expense reports and her alleged improper use of her City Procurement Card. *See* Def. Mot. at 5 and Def. App. at Ex. A, Decl. of Ronald E. Jones, Sr. at 3-4 ¶ 11.

On June 9, 2005, approximately six months after the City terminated Plaintiff's employment, the Dallas County Grand Jury indicted her for theft by a public servant of between $1,500 and $20,000. *See* Def. App. at Ex. B. The City has moved to stay this case until the completion of the criminal matter involving Plaintiff, which is pending in the 194th Criminal District Court in Dallas County, Texas (Case No. F05-26275-TM). Plaintiff opposes a stay of this case.

## II. Analysis

In deciding whether to grant a request to stay the civil side of parallel civil/criminal proceedings:

> Judicial discretion and procedural flexibility should be [used] to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other. In some situations it may be appropriate to stay the civil proceeding. In others it may be preferable for the civil suit to proceed-unstayed.

*SEC v. Mutuals.com, Inc.*, 2004 WL 1629929 at *2 (N.D. Tex. July 20, 2004) (Fitzwater, J.) (citing *United States v. Gieger Transfer Serv., Inc.*, 174 F.R.D. 382, 385 (S.D.Miss.1997) (in turn quoting *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir.1962) (citation and internal quotation marks omitted)). "Certainly, a district court may stay a civil proceeding during the pendency of a parallel

**Memorandum Opinion and Order – Page 2**

criminal proceeding. Such a stay contemplates 'special circumstances' and the need to avoid 'substantial and irreparable prejudice.'" *Id.* at *3 (quoting *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir.1983) (in turn citing *SEC v. First Fin. Group of Tex., Inc.*, 659 F.2d 660, 668 (5th Cir. Oct.1981)).

Courts from other jurisdictions have outlined several factors that should be considered in determining whether "special circumstances" warrant a stay, including: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to plaintiff caused by the delay; (4) the private interests of and burden on the defendant; (5) the interests of the courts; and (6) the public interest. *See id.* (and cases cited therein).

In support of a stay, the City argues, among other things, that the civil case and the criminal case overlap and are substantially related, and that failure to stay this civil case may result in substantial and irreparable injury to the City. *See* Def. Mot. at 13.[1]  Plaintiff opposes the City's request for a stay, contending, among other things, that although the facts of the criminal case and this case "may be vaguely related," any "overlap does not rise to the level necessary to stay the civil case pending the outcome of the criminal case." *See* Pl. Resp. at 2-3. Plaintiff further contends that the City, a non-party to the criminal case, will not be harmed by proceeding with the civil case, but "is simply hoping to bolster its defense in the civil case in the off chance that Plaintiff will be convicted in the criminal case." *Id.* at 3. Finally, Plaintiff contends that she has a right to have her

---

[1] In its motion, the City, apparently because of an oversight, mistakenly states that the court has yet to rule on Plaintiff's Motion for Leave to Amend Complaint, filed July 26, 2005. The court issued an order granting Plaintiff's Motion for Leave to Amend Complaint and directed the clerk of court to file Plaintiff's First Amended Complaint on July 28, 2005, more than one month before the City filed its motion to stay. *See* Order, 3:05-CV-0683-L (July 28, 2005).

**Memorandum Opinion and Order – Page 3**

civil case heard in timely manner and that any stay of the civil case would be highly prejudicial to her. *Id.*

Considering the first factor, the court must determine the extent of overlap between the issues in the criminal matter and those in the present case. *See Mutuals.com, Inc.*, 2004 WL 1629929 at *2 ("The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues.") (citation omitted). Having considered the nature of both cases and the parties' briefs, the court determines that the civil case and criminal case do not substantially overlap.

This is a Title VII case, and the ultimate inquiry will be whether the City unlawfully discriminated against Plaintiff based on her gender and retailed against her for engaging in protected employment practices. By contrast, the criminal case is limited to the issue of whether Plaintiff, when employed by the City, engaged in theft. The City argues that the cases substantially overlap, as both cases involve Plaintiff's use of her City P-Card and "the City's legitimate[,] nondiscriminatory reason for terminating Ms. Lewis' employment, which it will rely on in defending against Ms. Lewis' Title VII claims in this civil case, necessarily involves her alleged inappropriate use of her P-card." *See* Def. Mot. at 8. The court disagrees.

While it is true that both cases, to some degree, involve Plaintiff's use of her City P-card, Plaintiff was disciplined, and ultimately discharged, not for criminal wrongdoing but for insubordination. Whether Plaintiff is ultimately convicted of criminal charges is irrelevant to the City's meeting its burden of articulating a legitimate, nondiscriminatory reason for an alleged adverse employment action. *See Patrick v. Ridge*, 394 F.3d 311, 319 (5th Cir. 2004) (quoting *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 260 (1995)) ("[I]n the context of evaluating the weight of after-acquired evidence on a discharged employee's claims, the Court in

**Memorandum Opinion and Order – Page 4**

[*McKennon*] squarely stated that '[t]he employer could not have been motivated by knowledge it did not have and it cannot now claim that the employer was motivated by the nondiscriminatory reason.'"); *see also Price Waterhouse v. Hopkins*, 490 U.S. 228, 252 (1989) (plurality opinion) (employer may not prevail with respect to ultimate inquiry of whether employer intentionally discriminated against its employee by offering a legitimate and sufficient reason for its decision "if that reason did not motivate it at the time of the decision"). Otherwise stated, the City cannot invoke the June 9, 2005 Indictment (or any conviction) with regard to the ultimate inquiry in this action, as at the time it disciplined Plaintiff, and ultimately terminated her, the Indictment had yet to be handed down. Plaintiff was disciplined and ultimately fired, according to the City, for insubordination, not for being indicted. Whether she was indicted is of no moment insofar as the disciplinary action and termination are concerned. Lewis was disciplined and ultimately terminated irrespective of her subsequent indictment. Accordingly, the court determines that although Plaintiff's use of her City-P card will play a part in both cases, the overlap of the issues to be tried in each case is not substantial. The first factor, therefore, weighs against a stay.

The second factor to be considered is the status of the criminal case. The City argues that "when a party to the civil case has been criminally indicted, this factor weighs in favor of staying the civil case." *See* Def. Mot. at 9 (citing *Heller Healthcare Fin,., Inc. v. Boyes*, 2002 WL 1558337 at *3 (N.D. Tex. July 15, 2002)). Defendant's reliance on *Heller Healthcare* is misplaced. In that case, the criminal defendant who sought to stay the civil case was also the *defendant in the civil case*, not the plaintiff in the civil case. In considering the status in the criminal case, the court stated:

> A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greater after an indictment has issued, and second, the

**Memorandum Opinion and Order – Page 5**

> prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations.

*Id.* Where the criminal defendant is the plaintiff, however, the concerns articulated in *Heller Healthcare* are largely irrelevant. Moreover, Lewis has not requested a stay. Quite the opposite, she expressly desires to move forward with her civil case, despite being indicted. Moreover, the court rejects the City's argument that a stay would benefit Plaintiff "because she will not bear the burden of preparing for and proceeding with both the civil and criminal cases simultaneously." *See* Def. Mot. at 10. As Plaintiff asserts, "Plaintiff is not claiming any hardship and it is disingenuous for Defendant to argue its request for a stay by implying that it wishes not to place an undue burden on Plaintiff." *See* Pl. Resp. at 3. In short, although it is true that Plaintiff has been indicted, given the posture of this case and Plaintiff's express desire to move forward with her civil case, this factor does not weigh in favor of a stay.

The third factor the court must consider is the private interests of the plaintiff in proceeding expeditiously against the prejudice to plaintiff that will be caused by the delay that will result from the stay. "In the context of a civil enforcement suit, the plaintiff's interest and the public interest are intertwined." *Mutuals.com, Inc.*, 2004 WL 1629929 at *2-3 (quoting *SEC v. Mersky*, 1994 WL 22305, at *3 (E.D.Pa. Jan.25, 1994)). Generally, a "civil plaintiff has an interest in the prompt resolution of [her] claims and in obtaining discovery while information is still fresh in witnesses' minds." *Id.* In this case, the plaintiff's-interest factor weighs in favor of not granting a stay.

As for the fourth factor, namely the private interests of and burden on Defendant if the stay is not granted, the court can conceive of no prejudice to the City of allowing the civil case to

**Memorandum Opinion and Order – Page 6**

proceed.² As set forth above, any conviction obtained against Plaintiff would be after-acquired evidence, and the City could not use it to meet its burden of articulating a legitimate, nondiscriminatory reason for the alleged adverse employment actions or to show that it did not intentionally discriminate against Plaintiff, the ultimate issue in any Title VII case. *See Patrick*, 394 F.3d at 319; *see generally Tex. Dep't of Cmty Affairs v. Burdine*, 450 U.S. 248, 256 (1981) Accordingly, this factor weighs against a stay.

As for the fifth factor, the court concludes that in light of the lack of substantial overlap between the civil and criminal cases, granting a stay only serves to unduly interfere with the court's management of its docket. The court has no way of knowing the duration of the criminal matter. Moreover, an appeal would cause even further unnecessary delay. This fifth factor weighs against granting the City's motion to stay.

Finally, the court concludes that the interests of the public weigh against a stay. While it is true that the Fifth Circuit has long recognized the public interest in law enforcement *(see Campbell,* 307 F.2d at 487), given the procedural posture of this case (namely, that Defendant is a non-party to the criminal case and Plaintiff, the one under indictment, opposes the stay and wishes to proceed with her civil case), it is unclear how the public's interest in law enforcement would be ill-served by allowing the civil case to continue.

In short, having weighed the respective factors and interests, the court determines that a stay of this civil action is not warranted.

---

²Of course, the court fully understands that if Lewis is convicted of theft, the City will seek to introduce evidence of the conviction at trial pursuant to Fed. R. Evid. 609(a); however, such conviction goes to credibility and not whether the City had a legitimate, nondiscriminatory reason for disciplining Lewis, and ultimately terminating her.

**Memorandum Opinion and Order – Page 7**

### III.  Conclusion

For the reasons set forth above, the court **denies** Defendant's Motion to Stay. In light of this ruling, the court plans to issue a scheduling order forthwith.

**It is so ordered** this 14th day of October, 2005.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge